UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

In the Matter of:

The Petition of Blue Seas Group, LLC
and John Chisholm, as Owners of the M/V
*Aquasition II*, a 2009 Hydra-Sports 4100 Vector
bearing Hull Identification Number
GHYVYA09G809, her engines, tackle, apparel
and appurtenances, for exoneration from or
limitation of liability,

                                                             Case No: 8:21-cv-01007-MSS-JSS

    Petitioners.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioners' Motion for Entry of Default Judgment ("Motion") (Dkt. 21). For the reasons that follow, the Court recommends that the Motion be granted and that a default judgment be entered as to potential claimants who failed to file a claim in this action by the July 23, 2021 deadline.

Blue Seas Group, LLC is the registered owner of the *M/V Aquasition II,* a 2009 Hydra-Sport 4100 Vector bearing Hull Identification Number GHYVYA09G809, (hereinafter referred to as the "Vessel"). (Dkt. 1 ¶ 5.) John Chisholm is the sole member of Blue Seas Group, LLC. (*Id.* ¶ 6.) On December 18, 2020, the Vessel allegedly damaged a dock and other vessels at the Pasadena Yacht and Country Club on the navigable waters of the United States in Gulfport, Florida (the "Incident"). (*Id.* ¶¶ 7–33.) Blue Seas Group, LLC and John Chisolm ("Petitioners") have filed a

1

Petition, pursuant to 46 U.S.C. § 30501 *et. seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F") for exoneration from or limitation of liability for all claims of damage or injury arising out of the Incident. (Dkt. 1.)

On June 2, 2021, the Court entered its Order approving Petitioner's Ad Interim Stipulation, directing issuance of Monition and an injunction, and staying all actions or proceedings against Petitioners arising out of the Incident until final determination of this action. (Dkt. 7.) That Order required, among other things, that public notice be given by publication once each week for four consecutive weeks in the Tampa Bay Times prior to the date fixed for filing claims, that Petitioners mail a copy of the notice to every person known to have made a claim against them or the Vessel arising out of the Incident no later than the second day of publication of the notice, and that all potential claimants file with the Clerk of Court and serve Petitioners' attorney with a copy of their claims no later than July 23, 2021. (*Id.*) The Monition was subsequently docketed, directing all persons having claims against Petitioners relating to the Incident to file a claim and an Answer by July 23, 2021, "or be defaulted." (Dkt. 8.) As required by Supplemental Rule F and Local Admiralty and Maritime Rule 7.06, the notice was published weekly for four consecutive weeks beginning on June 13, 2021. (Dkt. 9).

On July 14, 2021, Progressive American Insurance Company ("Progressive") filed a claim against Petitioners and an Answer to the Complaint. (Dkt. 10.) No other claimants filed a claim by the July 23, 2021 deadline. On July 26, 2021, Petitioner

filed a motion requesting entry of a clerk's default against "Gerald and Madeline D'Hulster, Ken Davidson and Green Turtle Boyz, LLC, George and Renee Raffa, Pasadena Yacht and Country Club, Carlos Labbradore, and Richard and Barbara Adams, and all persons and entities who have failed to file claims or answers to the verified complaint." (Dkt. 11 at 5.) The Clerk entered default on September 20, 2021. (Dkt. 20.) Since the entry of default, no other parties or potential claimants have submitted a claim. Moreover, Petitioners and Progressive filed a stipulation for dismissal of Progressive's claim. (Dkt. 23.) Petitioners now move for entry of default judgment. (Dkt. 21.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a default final judgment." *In re Complaint of Wild Fla. Airboats, LLC*, No. 6:16–cv–2207–Orl–31GJK, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citing Fed. R. Civ. P. 55). First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). Courts in this district "have applied the same two-step procedure in cases under the Limitation of Liability Act." *Wild Fla. Airboats*, 2017 WL 3891777, at *2.

## ANALYSIS

In cases under the Limitation of Liability Act, "default judgment will be entered against any potential claimant who has failed to respond to notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules" and the petitioner complies with Supplemental Rule F(4). *Wild Fla. Airboats*, 2017 WL 3891777, at *3; *see also In re Ruth*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016); *In re Petition of Holliday*, No. 6:14–cv–1709–Orl–28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015). Because a clerk's default has been entered and Petitioners have demonstrated compliance with the requirements of Supplemental Rule F(4) (Dkt. 9), default judgment should be entered and there is "no just reason for delay." Fed. R. Civ. P. 54(b).

Accordingly, it is **RECOMMENDED**:

1. Petitioners' Motion for Entry of Default Judgment (Dkt. 21) be **GRANTED**.

2. A default judgment be entered against all potential claimants who failed to file a claim in this action by the July 23, 2021 deadline.

**IT IS SO REPORTED** in Tampa, Florida, on February 15, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record