**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**IN ADMIRALTY**

**In the Matter of:**

**THE PETITION OF BLUE SEAS**
**GROUP, LLC and JOHN**
**CHISHOLM, as Owners of the M/V**
*Aquasition II,* **a 2009 Hydra-Sports 4100**
**Vector bearing Hull ID:**
**GHYVYA09G809, her engines, tackle,**
**apparel and appurtenances, for**
**exoneration from or limitation of**
**liability,**

                                                **Case No: 8:21-cv-1007-MSS-JSS**

        **Petitioners.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Petitioners'

Motion for Default Judgment, (Dkt. 21), and Petitioners' Stipulation of Dismissal with

Prejudice (Dkt. 23). On February 15, 2022, United States Magistrate Judge Julie S.

Sneed issued a Report and Recommendation, recommending Petitioners' Motion for

Entry of Default judgment be granted and a default judgment entered against all

potential claimants who failed to file a claim in this action by July 23, 2021. (Dkt. 24)

No party has filed an objection to Judge Sneed's Report and Recommendation, and

the time for doing so has passed.

        In the Eleventh Circuit, a district judge may accept, reject, or modify the

magistrate judge's report and recommendation after conducting a careful and complete

- 1 -

review of the findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ.</u>, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. Southern Ry.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of Petitioners' Stipulation of Dismissal with Prejudice, (Dkt. 23) and the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1.   The Report and Recommendation (Dkt. 24) is **CONFIRMED** and **ADOPTED** as part of this Order.

2.   Petitioners' Motion for Default Judgment (Dkt. 21) is **GRANTED**.

3.      A Judgment of Exoneration by Default shall be entered against all parties and claimants having an interest in this matter as well as any other potential claims, other than the claims filed by Progressive American Insurance Company in this proceeding, under Fed. R. Civ. P. 55 and Supplemental Rule F(5), for failure to timely file a claim or answer.

4.      Petitioners shall be exonerated from any responsibility, loss, damage, or injury from all claims arising out of the incident involving M/V *Aquasition II, a* 2009 Hydra-Sport 4100 Vector, (HULL ID: GHYVYA09G809), on December 18, 2020, except for the claim timely filed by Progressive American Insurance Company, as subrogee of Dominic Leide.

5.      This case is **DISMISSED WITH PREJUDICE** as to the claim filed by Progressive American Insurance Company, as subrogee of Dominic Leide**.**

6.      The **CLERK** is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of March 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

- 3 -